Thomas J. Black v. Commissioner.
Black v. Commissioner
Docket No. 3190-71.
United States Tax Court
T.C. Memo 1972-135; 1972 Tax Ct. Memo LEXIS 120; 31 T.C.M. (CCH) 616; T.C.M. (RIA) 72135; June 26, 1972
Thomas J. Black, pro se, 1100 Irene Rd., Lyndhurst, Ohio. John P. Graham, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1969 in the amount of $123. The only issue for decision is whether petitioner is entitled to a deduction for a dependency exemption for his mother. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, an unmarried individual, who resided in Cleveland, Ohio at the date of the filing of the *121 petition in this case, filed his Federal income tax return for the calendar year 1969 with the district director of internal revenue at Cleveland, Ohio. Petitioner was born on January 26, 1949. Before he finished high school his father died. At the date of his father's death, petitioner was under 18 years of age and lived with his mother and younger brother and sister. Petitioner's mother received social security payments for herself and for the minor children. As soon as petitioner finished high school he went to work and his mother no longer received a social security payment for his support. Petitioner continued to live in the home with his mother and younger brother and sister and a child of his mother's by another marriage. Petitioner gave his mother over one-half of his earnings for his living expenses and to help with her support. 617 During the calendar year 1969 petitioner earned $2,325.21. Federal income tax of $355.23 was withheld from his earnings. During 1969 petitioner gave his mother a total of $1,200 to pay for his own lodging and meals and to assist with his mother's support. Petitioner's mother in 1969 received $86.20 each month by a check drawn to her *122 for social security benefits for "Mother's insurance proceeds." She also, each month during 1969, received a separate check in the amount of $172.40 as social security payments with regard to her minor children, Edward and Lou, petitioner's younger brother and sister. She also received $100 per month as child support for a child by another marriage. Petitioner on his 1969 income tax return claimed a dependency exemption for his mother. Respondent in his notice of deficiency disallowed this claimed deduction. Opinion Section 151(e), I.R.C. 1954, [1] applicable to 1969, allows a dependency exemption for each dependent of a taxpayer as defined in section 152 who has gross income of less than $600. Section 152 includes in the definition of "dependent" a mother of a taxpayer, over half of whose support for the calendar year was received from the taxpayer. Since social security payments are not "income" within the meaning of section 151, petitioner's mother had no "income" for the calendar year 1969. However, in determining whether a taxpayer contributed over half the support of another, amounts of support paid by social *123 security payments are considered. Petitioner's mother received $1,034.40 in social security payments as her "mother's insurance proceeds." She also received payments for her minor children. Petitioner estimated that $600 of the total amount of $1,200 he gave his mother in 1969 was the extra cost to his mother of his living in her household and that $600 was a contribution toward her support. While we do not necessarily agree with petitioner's assumption that the "extra cost" of his living in his mother's household was the only portion of the $1,200 applicable to his own support, even if we did, petitioner would not have established that he paid over one-half of his mother's support in 1969. Petitioner's mother had other sources of support which were in excess of $600. We therefore hold that petitioner is not entitled to the claimed dependency exemption for his mother. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩